IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LeeNathan Griggs, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-550 |
| | ) | |
| Leafy Financial, LLC, a Texas limited liability company, | ) ) ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, LeeNathan Griggs, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

## PARTIES

3. Plaintiff, LeeNathan Griggs ("Griggs"), is citizen of the State of Indiana from whom Defendant attempted to collect a defaulted consumer debt that he allegedly owed originally to Capital Community Bank.

4. Defendant, Leafy Financial, LLC ("Leafy"), is a Texas limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it

1

regularly uses the U.S. Mail and/or the telephone and/or credit reporting to collect, or attempt to collect, defaulted consumer debts that it did not originate. Leafy operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Indiana.

5. Defendant Leafy is a bad debt buyer that buys portfolios of defaulted consumer debts for pennies on the dollar, which it then attempts to collect upon. Defendant Leafy's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

6. Defendant Leafy was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

7. Defendant Leafy is authorized to conduct business in the State of Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant Leafy conducts extensive business in Indiana.

**FACTUAL ALLEGATIONS**

8. Due to financial difficulties, Mr. Griggs was unable to pay his debts, including a defaulted consumer debt (incurred primarily for personal, family or household purposes) that he allegedly owed originally to Capital Community Bank. Sometime after this debt went into default, Defendant purchased/obtained the debt and began trying to collect it from him by, among various means, negative credit reporting.

9. Unsure about Defendant Leafy and unsure about the debt, Mr. Griggs reached out to his attorney, and on November 13, 2024, and November 15, 2024, Mr. Griggs' attorney informed Defendant, in writing, that Mr. Griggs was represented by counsel, and that he disputed the correctness of the debt that Defendant was

attempting to collect. Copies of these letters are attached as Group Exhibit B.

10. Mr. Griggs's attorney's letters were sent to Defendant Leafy via U.S. Mail at the address which Leafy has listed with the Nationwide Multistate Licensing System for consumer contact, see, NMLS Consumer Access report, attached as Exhibit C. These letters were not returned by the Post Office as undeliverable.

11. Moreover, during January, 2025, Mr. Griggs took the time and effort, as well as the expense, to review copies of his TransUnion and Experian credit reports, which showed that Defendant Leafy had continued to report the debt he allegedly owed, but had failed to note that the debt was disputed.

12. Accordingly, Mr. Griggs had to take additional time and effort, as well as expense, to have another attorney send Defendant a letter, on January 13, 2025, to re-assert that he had disputed the debt that Defendant was trying to collect from him. A copy of this letter is attached as Exhibit D.

13. On October 9, 2025, Mr. Griggs then took the time and effort, as well as the expense, to once again review copies of his TransUnion and Experian credit reports, to see if Defendant Leafy corrected its error and learned that it did not – that Defendant Leafy had continued to report the debt without noting that the debt was disputed. The pertinent parts of Mr. Griggs' TransUnion and Experian credit reports are attached as Group Exhibit E.

14. Accordingly, Mr. Griggs had to take additional time and effort, as well as expense (about $270), to have his attorneys send Defendant a letter, on October 9, 2025, to once again re-assert that he had disputed the debt that Defendant was trying to collect from him. A copy of this letter is attached as Exhibit F.

15. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit reports harmed his credit reputation, impaired his credit rating and his ability to obtain credit. Defendant's failure to note, when reporting the debt on Plaintiff's credit reports, that the debt was disputed, makes it appear as if Plaintiff does not actually have the right to dispute the debt.

16. Section 1692e (8) of the FDCPA's command, that a debt collector must communicate that a disputed debt is disputed, is rooted in the basic common law principle of defamation/fraud that, if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece of information, namely, that the debt is disputed.

17. Defendant's collection actions negatively impacted Mr. Griggs's credit score, and forced him to take the time, effort and/or expense to try to stop the improper credit reporting, see, Mack v. Resurgent Capital Services, 70 F.4th 395, 406-407 (7th Cir, 2023) and Walters v. Fast AC, LLC, 60 F.4th 642, 649 (11th Cir. 2023) and Ebaugh v. Medicredit, Inc., 2025 U.S.App.LEXIS 8530 at [*1]-[*2] (8th Cir. 2025).

18. All of the Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

### COUNT I
### Violation Of § 1692e(8) Of The FDCPA –
### Failing To Report That A Disputed Debt Is Disputed

19. Plaintiff adopts and realleges ¶¶ 1-18.

20. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading means to collect or attempt to collect a debt, including,

4

but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Wood v. Security Credit Services, 126 F.4th 1303, 1310 (7th Cir. 2025); Ewing v. Med-1 Solutions, 24 F.4th 1146, 1153-54 (7th Cir. 2022); Evans v. Portfolio Recovery Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

21.   Defendant, by continuing to report the debt to the credit reporting agencies, when it knew the debt was disputed by the consumer, and by failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect a debt, in violation of § 1692e(8) of the FDCPA.

22.   Defendant's violations of § 1692e(8) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

23.   Plaintiff adopts and realleges ¶¶ 1-18.

24.   Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

25.   Defendant, by continuing to report the debt to the credit reporting

agencies, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

26. Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, LeeNathan Griggs, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Griggs, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, LeeNathan Griggs, demands trial by jury.

                                                LeeNathan Griggs,

                                                By: <u>s/ David J. Philipps</u>
                                                One of Plaintiff's Attorneys

Dated: October 10, 2025

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp   (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com